**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JEAN R. GERMAIN,
        Appellant,

      v.

FEDERAL RESERVE SYSTEM,
        Agency.

DOCKET NUMBER
NY-0752-21-0042-I-1

DATE: July 29, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jean R. Germain</u>, Princeton, New Jersey, pro se.

<u>Sarah Preis</u>, Esquire, and <u>Kelsie Williams</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal. On petition for review, the appellant challenges the administrative judge's handling of his equal employment opportunity (EEO) reprisal claim, and he argues that the administrative judge improperly denied him

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

an opportunity to present evidence and call witnesses and was biased against him. Petition for Review (PFR) File, Tab 1 at 6. He also submits several documents with his petition for review. *Id*. at 10-33. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The administrative judge correctly found that the agency proved the charges of disrespectful conduct and making an inflammatory statement by preponderant evidence, that a nexus exists between the misconduct and the efficiency of the service, and that the penalty of removal was reasonable. Initial Appeal File (IAF), Tab 109, Initial Decision (ID) at 4-13, 16-17. She also correctly found that the appellant failed to establish any of his affirmative defenses, which include a claim of a due process violation, discrimination based on his military

status,[2] and reprisal for engaging in EEO activity and filing an Office of Workers' Compensation Programs (OWCP) claim.[3]  ID at 13-16.

<u>We discern no basis to disturb the administrative judge's finding that the appellant failed to establish his EEO reprisal claim.</u>

¶3    In the initial decision, the administrative judge concluded that the record did not support a finding that the removal action was "taken because of" the appellant's EEO activity.  ID at 16.   The appellant argues on review that the administrative judge should have consolidated his Board appeal with his Equal Employment Opportunity Commission (EEOC) appeal because the two appeals are "connected" and should have been consolidated for evidentiary purposes. PFR File, Tab 1 at 6.  This argument is without merit, as the Board and the EEOC are separate tribunals with separate processes and do not consolidate cases.

¶4    Additionally, the appellant argues that the administrative judge failed to consider the cat's paw theory or whether the evidence demonstrated a convincing mosaic of retaliation.  *Id.*  Neither argument provides a basis to disturb the initial decision.   Under the cat's paw theory, an appellant can show retaliation by showing that a particular management official, acting because of an improper

---

[2] The appellant has also filed a Uniformed Services Employment and Reemployment Rights Act (USERRA) appeal, which is pending before the Board on petition for review following remand, and will be addressed in a separately issued decision.  *Germain v. Federal Reserve System*, MSPB Docket No. NY-4324-21-0117-B-1, Petition for Review File, Tab 1.

[3] In the appellant's arguments below regarding reprisal, he references an Office of the Inspector General complaint as well as disclosures regarding harassment.  IAF, Tab 21 at 5, 11-12.  Although the administrative judge provided the appellant notice of how to prove a whistleblower reprisal claim, she did not address any such claim in the initial decision.  The appellant has not raised this as an issue on review.  PFR File, Tab 1. Given that the focus of the appellant's reprisal claims is largely concentrated around his EEO activity, the fact he did not further elaborate on his already vague and underdeveloped whistleblower reprisal allegations following the administrative judge's notice, and the fact that he did not challenge the administrative judge's decision to omit a discussion of whistleblower reprisal from the initial decision, we conclude that a remand is not necessary on this issue. *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 18 (setting forth a nonexhaustive list of factors to consider in determining whether an appellant waived an affirmative defense or whether an administrative judge's handling of an affirmative defense warrants remand).

animus, influences an agency official who is unaware of the improper animus when implementing a personnel action. *See Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 19 (2014). Here, according to the appellant, the management official with the alleged improper animus was his supervisor, who is also the official who proposed his removal. Thus, the supervisor was directly involved in implementing the personnel action and the administrative judge considered whether that official had improper motives. Accordingly, the cat's paw theory does not apply. Additionally, although the appellant is correct that the administrative judge did not discuss whether the evidence demonstrated a "convincing mosaic" of retaliation, the Board has explained that not all types of evidence or ways of viewing the evidence will be applicable in every case. *See Wilson v. Small Business Administration*, 2024 MSPB 3, ¶ 12; *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 24. To the extent the appellant is arguing that the administrative judge did not adequately address all the evidence of record, the Board has explained that an administrative judge's failure to mention all the evidence of record does not mean that she did not consider it in reaching her conclusion.[4] *See Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Based on our review of the record, we discern no basis to disturb the administrative judge's finding that the appellant failed to establish this affirmative defense.[5]

---

[4] In any event, the Board has explained that a "convincing mosaic" of evidence includes evidence of suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn. *Pridgen*, 2022 MSPB 31, ¶ 24. Apart from a somewhat "suspicious timing," the appellant has not put forth any other evidence that, cumulatively, could constitute a convincing mosaic of circumstantial evidence that his EEO activity was a motivating factor in his removal.

[5] In *Pridgen v. Office of Management and Budget*, the Board explained that an appellant may prove an EEO reprisal claim if he shows that his EEO activity played "any part" or was a motivating factor in the decision to remove him. *Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 30; *see Wilson*, 2024 MSPB 3, ¶ 11. Based upon our review of the record evidence, we find that the appellant did not show that his EEO activity was at least a

<u>The appellant's remaining arguments on review do not provide a basis to disturb the initial decision.</u>

¶5    As noted above, the appellant also argues on review that the administrative judge denied his request to submit evidence and call witnesses, and was biased against him.  Regarding the appellant's claim that he was denied an opportunity to submit evidence, he has not pointed to any specific evidence that he wished to submit that the administrative judge refused to admit.[6]  PFR File, Tab 1 at 6.  Regarding his argument concerning witnesses, the record shows that the appellant requested 43 witnesses and asserted that each witness "would help corroborate [his] complaints of harassment, retaliation, and protected activities."  IAF, Tabs 50, 73, 76.  Although the administrative judge approved the proposing and deciding officials and the appellant as the only witnesses, she explained that she could convene an additional hearing session following the scheduled hearing if she determined that there was a need for additional witnesses to testify.  IAF, Tab 94.  The appellant broadly argues that this handling was improper.  PFR File, Tab 1 at 6.  However, it is well settled that an administrative judge has wide discretion to exclude witnesses when it has not been shown that their testimony

---

motivating factor in the agency's decision.

[6] With his petition for review, the appellant submits several documents, including his response to the notice of proposed removal, a March 23, 2021 letter from the Department of Labor (DOL) regarding referral of what appears to be a USERRA matter to OSC, December 31, 2022 and January 2, 2023 statements from the appellant regarding his claim of "bias and prejudice," a July 26, 2022 appeal request form for OWCP, and a January 27, 2023 written request to DOL asking that the appellant's claim be reopened.  PFR File, Tab 1 at 10-33.  The Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the administrative judge despite the party's due diligence.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980).  Here, the record closed on September 13, 2021.  To the extent that some of the documents submitted on review postdate the close of record, the appellant has not explained how those documents are of sufficient weight to warrant an outcome different than that of the initial decision.  PFR File, Tab 1.  Thus, none of the documents submitted on review provides a basis to grant the petition for review.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

would be relevant, material, and nonrepetitious. *See Warren v. Department of Defense*, 87 M.S.P.R. 426, ¶ 7 (2001); *see also* 5 C.F.R. § 1201.41(b)(8) (setting forth an administrative judge's authority and discretion to rule on witnesses). Given that the appellant's proffer for each proposed witness generically asserted that they would all testify regarding his claims of harassment, retaliation, and protected activity, the appellant has not demonstrated that such witness testimony would not be non-repetitious. Further, such a sweeping proffer regarding the subject matter of the testimony is insufficient to meet the requirement that the proffered testimony be relevant and material. Moreover, the appellant did not object below to the administrative judge's limiting of witnesses. Although it does not appear that the administrative judge provided the appellant a specific opportunity to make such an objection, the appellant fails on review to assert with any specificity how the exclusion of certain witnesses prejudiced his substantive rights. *See Warren*, 87 M.S.P.R. 426, ¶ 8; *see also Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). Accordingly, the appellant's arguments in this regard do not provide a basis to disturb the initial decision.

¶6        The appellant also argues on review that the administrative judge was biased against him. PFR File, Tab 1 at 6. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *See Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 46 (2014); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). We find nothing in the record to support the appellant's assertion that the administrative judge was biased in her adjudication of this matter, and the appellant does not point to specific examples in his petition for review. As such, the appellant has not overcome the presumption of honesty and integrity accompanying administrative adjudicators, and this argument, therefore, is without merit.

¶7        Based on the foregoing, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                 _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.